[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 1225.]

IN RE DISQUALIFICATION OF O'FARRELL.

THE STATE OF OHIO *v*. ARNDER.

[Cite as *In re Disqualification of O'Farrell*, 2001-Ohio-4099.]

*Judges—Affidavit of disqualification—Judge who presides over pretrial bail hearing pursuant to R.C. 2937.222 is not disqualified from presiding at trial, when.*

(No. 01-AP-017—Decided March 7, 2001.)

ON AFFIDAVIT OF DISQUALIFICATION in Tuscarawas County Court of Common Pleas case No. 2001CR020053.

───────────────

MOYER, C.J.

{¶ 1} This affidavit of disqualification filed by Gerald Latanich, counsel for defendant, seeks the disqualification of Judge Edward O'Farrell from further proceedings regarding the above-captioned case, *State v. Robert C. Arnder, Sr.*

{¶ 2} Affiant asserts that Judge O'Farrell should be disqualified from further proceedings in the underlying case because he presided over a pretrial bail hearing pursuant to R.C. 2937.222. In support of this assertion, affiant relies on the case of *State v. Gillard* (1988), 40 Ohio St.3d 226, 533 N.E.2d 272, in which the Supreme Court held that a trial judge who presides over a Crim.R. 16(B)(1)(e) motion hearing cannot preside over a subsequent trial in the same case. Affiant claims that the testimony presented at the bail hearing in the underlying case was similar to the type of evidence at issue in *Gillard* and that Judge O'Farrell's consideration of that testimony jeopardizes the appearance of impartiality in subsequent proceedings.

{¶ 3} The record before me contains no evidence to support affiant's claim that the testimony heard by Judge O'Farrell will adversely affect the perception of

the judge's fairness and impartiality.  Without a transcript of the bail hearing that includes the testimony considered by Judge O'Farrell, I cannot conclude that the holding in *Gillard* should be applied to this proceeding or to R.C. 2937.222 bail hearings in general.  Moreover, affiant's claims that the judge's consideration of this evidence will impair his ability to remain fair and impartial are speculative and more appropriately addressed on appeal of any conviction that may result from the impending trial.

{¶ 4} For these reasons, the affidavit of disqualification is found not well taken and is denied.  The case shall proceed before Judge O'Farrell.

––––––––––––––––––––