[Cite as *State v. Brown*, 2012-Ohio-2672.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11 CA 42 |
| JUHAN BROWN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No. 10 CR 603H


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     June 13, 2012


APPEARANCES:

For Plaintiff-Appellee

JAMES J. MAYER, JR.
PROSECUTING ATTORNEY
JILL M. COCHRAN
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

TODD R. PERKINS
THE PERKINS LAW GROUP
615 Griswold Street
Suite 920
Detroit, Michigan 48226

*Wise, J.*

{¶1} Appellant Juhan Brown appeals his convictions, in the Richland County Court of Common Pleas, for drug trafficking and possession. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} In early 2009, METRICH officers began receiving information that an individual from Detroit, Michigan, using the street name "Moe," was selling crack cocaine from a house in Mansfield, Ohio. In February and April 2009, the METRICH officers, utilizing a confidential informant, made controlled drug purchases from appellant. The first buy took place inside a house at 21 East Arch Street; the second took place at 55 East Arch Street.

{¶3} In October 2009 METRICH officers arranged a third controlled drug buy from appellant, using a different confidential informant, this time again at 55 East Arch Street. Soon thereafter, METRICH officials obtained a search warrant for the premises at 55 East Arch Street. The warrant was executed on October 22, 2009 by METRICH and SWAT officers. A rented automobile parked nearby was also searched. Three baggies of a substance later tested as crack cocaine were discovered, with respective weights of 5.68 grams, 3.49 grams, and 3.24 grams. A digital scale was also found. In addition, U.S. currency totaling more than $900.00 was obtained from appellant's pants pockets.

{¶4} On November 11, 2009, appellant was indicted under case 09-CR-797H by the Richland County Grand Jury on two counts of trafficking between one and ten grams of crack cocaine in the vicinity of a school zone and one count of possession of between ten and twenty-five grams of crack cocaine.

{¶5} On March 31, 2010, appellant filed a motion to suppress the evidence obtained pursuant to the search warrant. The matter proceeded to a hearing before the trial court on August 4, 2010. Appellant conceded via counsel that he had no protected interest in the 55 East Arch residence, and the trial court denied the suppression motion as to the house. Furthermore, items seized from the vehicle were found to have no relevance to the case.

{¶6} On September 3, 2010, appellant was re-indicted under case 2010-CR-603H as follows:

{¶7} Count I: Trafficking in crack cocaine (between one and ten grams) in the vicinity of a school zone, R.C. 2925.03(A), a felony of the third degree.

{¶8} Count II: Trafficking in crack cocaine (between one and ten grams) in the vicinity of a school zone, R.C. 2925.03(A), a felony of the third degree.

{¶9} Count III: Possession of crack cocaine (between ten and twenty-five grams), R.C. 2925.11, a felony of the second degree, with a forfeiture specification for $940.00 in currency.

{¶10} Count IV: Trafficking in crack cocaine (between one and ten grams) in the vicinity of a school zone, R.C. 2925.03(A), a felony of the third degree.

{¶11} On March 4, 2011, the State, pursuant to Crim.R. 16(D)(1), participated in an ex parte hearing before the trial court to certify non-disclosure of the identity of the confidential informants in discovery.

{¶12} The case proceeded to a jury trial commencing on March 14, 2011. On March 18, 2011, the jury found appellant guilty on all four counts of the indictment, including the specifications of trafficking in the vicinity of a school zone and the

forfeiture specification. On March 31, 2011, the trial court sentenced appellant to two years in prison on each of the three trafficking counts, and five years on the possession count. The terms were ordered to be served consecutively, for a total sentence of eleven years in prison.

{¶13} Appellant filed a notice of appeal on April 27, 2011. He herein raises the following six Assignments of Error:

{¶14} "I. DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL (1) CONCEDED THAT DEFENDANT DID NOT HAVE STANDING TO CHALLENGE THE SEARCH; (2) THEN FAILED TO RAISE THE ISSUE OF STALENESS REGARDING THE ACTUAL WARRANT; (3) FAILED TO OBJECT TO DAMAGING AND IRRELEVANT INFORMATION CONTAINED IN DEFENDANT'S INDICTMENT; (4) FAILED TO OBJECT TO IMPERMISSABLE (SIC) QUESTIONING BY THE PROSECUTION AND THE INTRODUCTION OF RULE 16(B) MATERIAL; AND (5) FAILED TO ADVICE (SIC) DEFENDANT OF THE ACTUAL RISKS OF TRIAL AND HIS NEED TO AVAIL HIMSELF OF THE PLEA OFFER. RECORD EVIDENCE EXISTS TO SUPPORT SOME CLAIMES (SIC), REMAND IS NECESSARY TO ESTABLISH OTHERS.

{¶15} "II. STRUCTURAL ERROR OCCURRED WHERE THE PROSECUTOR HELD A *GILLARD* HEARING WITHOUT DEFENSE COUNSEL PARTICIPATING; THIS ERROR METASTASIZED THROUGHOUT THE TRIAL WITH EVIDENCE OF PROSECUTORIAL MISCONDUCT REGARDING EVIDENCE AND WITNESSES TO BE CALLED.

**{¶16}** "III.   DEFENDANT WAS DENIED A FAIR TRIAL AND A RIGHT TO A PROPERLY INSTRUCTED JURY WHERE THE TRIAL COURT FAILED, *SUA SPONTE,* TO ASCERTAIN WHETHER MEMBERS OF THE JURY PANEL HAD WITNESSED THE CONTACT BETWEEN DEFENDANT AND PRESTON FOSTER IN THE HALLWAY AND THEN ACCORDINGLY THIS ERROR IN EFFECT IMBUED JUROR NO. 7 WITH THE POWER TO INSTRUCT/EXPLAIN THIS ISSUE TO JURORS OUT OF THE PRESENCE OF DEFENDANT.

**{¶17}** IV.   DEFENDANT IS ENTITLED TO A NEW TRIAL OR MINIMALLY A RESENTENCING WHERE THE TRIAL COURT HAD AN EX-PARTE CONVERSATION WITH THE JUDGE WHO CONDUCTED THE RULE 16(B) HEARING ABOUT THE ALLEGATIONS MADE THEREIN.

**{¶18}** "V.   DEFENDANT MUST BE RESENTENCED BY A DIFFERENT JUDGE WHERE THE TRIAL COURT IN SENTENCING DEFENDANT TO THE MAXIMUM POSSIBLE SENTENCE; CALLED THE DEFENDANT A 'KING PIN' AND A 'THUG' AND POTENTIALLY USED THE IMPACT OF HIS OWN FAMILY HISTORY OF SUBSTANCE ABUSE; INDICATING CLEAR BIAS AND PREJUDICE AGAINST DEFENDANT.

**{¶19}** "VI.   DEFENDANT-APPELLANT MUST BE RESENTENCED BEFORE A DIFFERENT JUDGE WHERE HE WAS SENTENCED TO CONSECUTIVE PRISON TURNS TOTALLING 11 YEARS IN VIOLATION OF THE REVIVED PROVISION CONTAINED IN HB 86 WHICH REQUIRES SPECIFIC FINDINGS OF FACT IN SUPPORT OF ANY CONSECUTIVE SENTENCE."

I.

{¶20} In his First Assignment of Error, appellant argues, on five separate bases, that he was deprived of the effective assistance of counsel at his trial. We disagree.

{¶21} Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis: First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.

## *Search Warrant - Re: Standing*

{¶22} Appellant first maintains his trial counsel was ineffective for failing to pursue the argument that appellant had standing to challenge the search warrant of the residence at 55 East Arch Street.

{¶23} The failure to file a suppression motion does not constitute per se ineffective assistance of counsel. *State v. Mobley*, Richland App.No. 2010-CA-0018,

2011-Ohio-309, ¶ 95, citing *Kimmelman v. Morrison* (1986), 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305. Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted. *Id.*, citing *State v. Butcher,* Holmes App.No. 03 CA 4, 2004-Ohio-5572, ¶ 26.

**{¶24}** In the case sub judice, even though a suppression motion was filed, appellant points out that defense counsel conceded that appellant had no interest in the residence; counsel therefore focused her arguments on the search of the rented automobile outside the residence. *See* Tr., August 4, 2010, at 6-8. Appellant presently contends that one of the confidential informants testifying at trial stated that appellant had moved some of his "stuff" into the premises. Tr. at 618. This Court has clearly recognized that the Fourth Amendment right to be free from unreasonable searches and seizures cannot be vicariously asserted. *State v. Miller*, Licking App.No. 01 CA 79, 2002-Ohio-2465, 2002 WL 711459, quoting *State v. Steele* (1981), 2 Ohio App.3d 105, 107, 440 N.E.2d 1353. The State herein notes in its brief that the confidential informant also testified that to the best of her knowledge, appellant was not from the area and was only at the 55 East Arch Street residence during the day. Tr. at 635-640.

**{¶25}** Upon review, we find the record does not support a claim of ineffective assistance of defense counsel regarding her handling of the search warrant issue in this regard.

### *Search Warrant - Re: Staleness*

**{¶26}** Appellant next maintains his trial counsel was ineffective for failing to pursue the argument that the results of the aforementioned search warrant should have been suppressed as stale.

**{¶27}** We have recognized that in the context of drug crimes, information goes stale very quickly "because drugs are usually sold and consumed in a prompt fashion." *State v. Cook*, Muskingum App.Nos. 2010–CA–40, 2010–CA–41, 2011-Ohio-1776, ¶ 23, quoting *United States v. Frechette* (6th Cir. 2009), 583 F.3d 374, 378. However, we have also recognized that police investigation of "ongoing criminal activity" may be sufficient to overcome the issue of staleness. *See State v. Proffit*, Fairfield App.No. 07CA36, 2008-Ohio-2912, ¶ 19-¶ 22.

**{¶28}** Upon review, in light of the evidence presented that 55 East Arch and its environs had been under a months-long drug investigation, we again find the record does not support ineffective assistance of defense counsel regarding her handling of the search warrant issue in regard to the "staleness" issue.

### Challenge to Reading of Indictment and to Certain Police Testimony

**{¶29}** It is well-established that "[c]ompetent counsel may reasonably hesitate to object [to errors] in the jury's presence because objections may be considered bothersome by the jury and may tend to interrupt the flow of a trial." *State v. Rogers* (April 14, 1999), Summit App.No. 19176, 1999 WL 239100, citing *State v. Campbell* (1994), 69 Ohio St.3d 38, 53, 630 N.E.2d 339 (internal quotations omitted). Moreover, the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697.

**{¶30}** Appellant specifically directs us to two points at trial wherein defense counsel failed to object:

**{¶31}** The first occurred during the trial court's reading of Count I of the indictment, which appears in the transcript as follows:

**{¶32}** "Count 1: Juhan Brown AKA Moe, AKA Juhan Ato Brown, AKA Omar Brown, AKA Omar Shariff Brown, AKA Juhan Hart, AKA Omar unknown Hart, AKA Juhan Ato Brown, AKA Maurice Brown, AKA Derron Davis, AKA Omar Hart, AKA Juhan Montgomery, date of birth 11/24/72 – and there are several other possible dates of birth and social security numbers – on or about the 9th day of February 2009, at the County of Richland, did knowingly sell or offer to sell crack cocaine ***."

**{¶33}** Tr. at 67.

**{¶34}** The second occurred during the testimony of Officer Perry Wheeler of METRICH, who was asked about the execution of the warrant:

**{¶35}** "A: A no-knock search warrant means when we go to the residence, we don't have to knock and announce our presence. And there has to be specific guidelines to get a no-knock search warrant. In this instance, the reason why we received a no-knock search warrant was because of past history for Mr. Brown.

**{¶36}** "Q: Okay. So Judge Ault approved that?

**{¶37}** " ***

**{¶38}** "Q. I take it *** that the Mansfield SWAT team is going to be involved in the execution of this search.

**{¶39}** "A: They are going to execute the search warrant, yes. The reason is because of Mr. Brown's past history.

**{¶40}** "Q: Okay. What is the purpose of - who goes in first? You guys or SWAT?

**{¶41}** "A: Oh, no, the SWAT team goes in first."

**{¶42}** Tr. at 296-297.

**{¶43}** The gist of appellant's argument is that the lack of objection to the reiteration of appellant's use of aliases and the officer's reference to his "past history" allowed the jury to infer appellant had a criminal history. However, upon review, we find appellant has failed to demonstrate a reasonable probability that but for counsel's alleged error in these two instances, the outcome of the trial would have been different.

<u>*Advising Client Re: Trial versus Plea*</u>

**{¶44}** Finally, appellant maintains defense counsel failed to properly advise him of the risks of going to trial versus accepting a plea offer. However, because appellant's argument speculates as to evidence dehors the record, we find it is not properly raised in a direct appeal. See *State v. Lawless,* Muskingum App.No. CT2000-0037, 2002-Ohio-3686, citing *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 228, 448 N.E.2d 452.

<u>*Conclusion*</u>

**{¶45}** Accordingly, appellant's First Assignment of Error is overruled.

II., IV.

**{¶46}** In his Second and Fourth Assignments of Error, appellant argues that the trial court committed reversible error under the *Gillard* rule pertaining to disclosure of some of the State's witnesses. We disagree.

**{¶47}** Crim.R. 16 addresses discovery and inspection of the State's evidence by a defendant. Crim.R. 16(D)(1) specifically states: "If the prosecuting attorney does not disclose materials or portions of materials under this rule, the prosecuting attorney shall certify to the court that the prosecuting attorney is not disclosing material or

portions of material otherwise subject to disclosure under this rule for one or more of the following reasons: (1) The prosecuting attorney has reasonable, articulable grounds to believe that disclosure will compromise the safety of a witness, victim, or third party, or subject them to intimidation or coercion[.]"

**{¶48}** In the case of *State v. Gillard* (1988), 40 Ohio St.3d 226, 533 N.E.2d 272, the Ohio Supreme Court analyzed the issue of certification hearings conducted under Crim.R. 16(B)(1)(e), now addressed under Crim.R. 16(D)(1), supra.

**{¶49}** In the case sub judice, appellant first contends that the trial court erred in conducting the *Gillard* hearing on March 4, 2011 without the presence of appellant or defense counsel. However, "an ex parte hearing is the proper procedure for determining whether the court should grant the State's motion to withhold the names and addresses of certain witnesses." *State v. McCree*, Cuyahoga App.No. 87591, 2007-Ohio-268, ¶ 24. This is to prevent the defense from learning the information sought to be concealed or the identities of the endangered witnesses. *McCree* at ¶ 20, citing *State v. Daniels* (1993), 92 Ohio App.3d 473, 480 (additional citations omitted). An opportunity for a defendant to request review of the certification or withholding via an in-camera hearing is provided in Crim.R. 16(F). Thus, even if appellant were correct in arguing that the ex parte certification in the case sub judice was improperly granted, the trial court in this instance gave defense counsel additional time (until March 14, 2011) to request the names of the confidential informants, and ultimately ordered the State to disclose same to counsel, with the proviso that defense counsel not reveal the information to appellant. Appellant's first contention (Assignment of Error II) is thus without merit.

**{¶50}** Appellant secondly argues (Assignment of Error IV) that reversible error occurred based on comments made by the judge, who conducted the aforementioned *Gillard* hearing of March 4, 2011 to the judge, who presided over the trial. We note that in the *Gillard* decision the Ohio Supreme Court held that a trial judge who presides over a Crim.R. 16(B)(1)(e) (now Crim.R. 16(D)(1)) motion hearing cannot preside over a subsequent trial in the same case. *See In re Disqualification of O'Farrell*, 94 Ohio St.3d 1225, 1226, 763 N.E.2d 596, 2001-Ohio-4099. However, the Supreme Court held in *Gillard* that a violation of this rule is not *per se* prejudicial. "The error will be harmless if the evidence of guilt is overwhelming in that the outcome of the trial would have been the same had different judges presided at the certification and at the trial." *State v. Smith*, Summit App.No. C.A. 15717, 1993 WL 79542, citing *Gillard* at 229-230.

**{¶51}** In the case sub judice, the *Gillard* hearing was conducted by a different common pleas judge. At a subsequent pre-trial hearing, the trial judge indicated that he had spoken to the *Gillard* hearing judge about the certification issue, but the only communication was that the latter judge had said there was "ample justification for nondisclosure." *See* Tr. at 53. Even if we would find this brief exchange between the two common pleas judges constituted a technical violation of *Gillard*'s "different judge" rule, based on our review of the entire trial, we would find the error was harmless and did not subject appellant to a risk of judicial bias.

**{¶52}** Appellant's Second and Fourth Assignments of Error are overruled.

III.

**{¶53}** In his Third Assignment of Error, appellant argues that he was denied a fair trial where the trial court failed to further question and/or instruct the jury

concerning one of the jurors' observation of appellant in the courthouse hallway during a break in the trial. We disagree.

**{¶54}** The record reveals that on March 17, 2011, Juror No. 7 told the trial judge that she had seen appellant speaking in the hallway with one of the witnesses, Preston Foster:

**{¶55}** "Juror No. 7: He was talking to the witness in the hallway, the Defendant.

**{¶56}** "The Court: The Defendant talked to him.

**{¶57}** "Ms. Mayer: Like I said, I had no idea he was even being called.

**{¶58}** "Juror No. 7: I have a problem with that.

**{¶59}** "The Court: Okay. I mean, you saw the Defendant talking to the witness.

**{¶60}** "Juror No. 7: Yes.

**{¶61}** "The Court: Okay.

**{¶62}** "Mr. Bishop: Would it help you if we indicated that we don't have a problem with it?

**{¶63}** "Juror No. 7: I just didn't know what the rules were.

**{¶64}** "The Court: I understand we said that you couldn't talk to the witnesses. We didn't say that - he can talk to them whenever he pleases.

**{¶65}** "Juror No. 7: Okay. That's fine.

**{¶66}** "The Court: He can talk to whoever he pleases. He can't talk to you.

**{¶67}** "* * *

**{¶68}** "The Court: You're just making us aware that you are aware that he had- that you had seen him talking to him.

**{¶69}** "Juror No 7: I didn't know if that was okay.

**{¶70}** "Mr. Bishop: Thank you.

**{¶71}** "Ms. Mayer: That in no way, I guess, is going to set you one way or the other in deciding the case?

**{¶72}** "Juror No. 7: No. No.

**{¶73}** "Ms. Mayer: You'll listen to his testimony?

**{¶74}** "Juror No. 7: Right."

**{¶75}** Tr. at 642-644.

**{¶76}** The Ohio Supreme Court has stated: "In cases involving outside influences on jurors, trial courts are granted broad discretion in dealing with the contact and determining whether to declare a mistrial or to replace an affected juror." *State v. Phillips*, 74 Ohio St.3d 72, 89, 656 N.E.2d 643, 1995-Ohio-171. Furthermore, appellant did not object to the trial court's colloquy or to Juror No. 7 remaining on the jury, and has thus waived all but plain error on appeal. *See, e.g., State v. Garvin*, Scioto App.No. 10CA3348, 2011-Ohio-6617, ¶ 51.

**{¶77}** Appellant's argument herein chiefly speculates that the incident involving Juror No. 7 may have led the jury to later infer that appellant had been threatening the witness or engaging in some other improper activity. Upon review, we find no merit in appellant's claims in this regard, and we conclude no reversible error resulted from the trial court's handling of the juror's reported observations of appellant outside of the courtroom.

**{¶78}** Appellant's Third Assignment of Error is overruled.

## V., VI.

**{¶79}** In his Fifth and Sixth Assignments of Error, appellant contends the trial court erred in rendering consecutive, maximum sentences[1] and that the trial court judge displayed bias and prejudice during sentencing. We disagree.

**{¶80}** Appellant herein was convicted and sentenced approximately six months before H.B. 86 went into effect in September 2011. This Court has previously concluded that H.B. 86 is not retroactive. *See State v. Fields,* Muskingum App.No. CT11–0037, 2011–Ohio–6044, ¶ 10. We therefore will analyze appellant's sentence pursuant to the Ohio Supreme Court's *Foster* decision [109 Ohio St.3d 1, 2006–Ohio–856] and its progeny.

**{¶81}** *Foster* holds that judicial fact finding is not required before a court imposes non-minimum, maximum or consecutive prison terms. *See, e.g., State v. Williams,* Muskingum App. No. CT2009–0006, 2009–Ohio–5296, ¶ 19, citing *State v. Hanning,* Licking App.No. 2007CA00004, 2007–Ohio–5547, ¶ 9. Subsequent to *Foster,* in a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.*

---

[1]   We note appellant did not receive maximum prison terms on any of the three trafficking counts or the possession count. See R.C. 2929.14(A). It is not clear why appellant herein makes an assertion of receiving the "maximum possible sentence."

**{¶82}** In the case sub judice, the trial court stated in its written entry that it had considered the purposes of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors found in R.C. 2929.12. See Sentencing Entry, March 31, 2011.

**{¶83}** As noted in our recitation of facts, the trial court sentenced appellant to two years in prison on each of the three trafficking counts, and five years on the possession count. The terms were ordered to be served consecutively, for a total sentence of eleven years in prison. Based on our review of the record, and pursuant to *Foster* and *Kalish,* we do not find the trial court acted clearly and convincingly contrary to law or abused its discretion in rendering consecutive sentences under the facts and circumstances of this case.

**{¶84}** In regard to appellant's claim of judicial bias in this matter, we note our general reiteration that if a common pleas litigant wishes to raise a challenge to a trial judge's objectivity, he or she must utilize the procedure set forth in R.C. 2701.03. See *In re Baby Boy Eddy* (Dec. 6, 1999), Fairfield App.No. 99 CA 22, 2000 WL 1410. However, in the case sub judice, as appellant is challenging comments made from the bench during sentencing at the end of the trial court proceedings, we will review the issue in the interest of judicial economy.

**{¶85}** It has been aptly recognized that a judge's comments during sentencing do not affect the trial, and thus the court's attitude throughout the trial must be considered as a whole. *See State v. Donkers,* 170 Ohio App.3d 509, 549. 867 N.E.2d 903, 2007-Ohio-1557. Furthermore, "there is a modicum of quick temper that must be allowed even judges." *State v. Sanders*, 92 Ohio St.3d 245, 278, 750 N.E.2d 90, 2001-

Ohio-189, citing *United States v. Donato* (C.A.D.C.1996), 99 F.3d 426, 434 (additional citations and internal quotations omitted).

**{¶86}** Appellant focuses on the judge's use during sentencing of the terms "kingpin," "thug," and "injecting slime, the drugs" into the community, as well as the judge's reference to a family member's experience with alcohol abuse. *See* Tr. at 795-798. However, taken in the context of the entire trial and sentencing hearing, we do not find the isolated comments rise to the level of reversible error.

**{¶87}** Appellant's Fifth and Sixth Assignments of Error are overruled.

**{¶88}** For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Richland County, is hereby affirmed.

By: Wise, J.

Delaney, P. J., and

Hoffman, J., concur.

_____

_____

_____

                                                                JUDGES

JWW/d 0523

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                        :
                                                     :
    Plaintiff-Appellee                           :
                                                     :
-vs-                                                 :                    JUDGMENT ENTRY
                                                     :
JUHAN BROWN                                          :
                                                     :
    Defendant-Appellant                          :                    Case No. 11 CA 42


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____

JUDGES