[Cite as *State v. Cortez*, 2014-Ohio-3814.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| JOHN F. CORTEZ | : | Case No. 13-CA-121 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Licking County
                                Court of Common Pleas, Case No.
                                07 CR 00751


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               September 3, 2014


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant- Pro Se

Licking County Prosecuting Attorney     JOHN F. CORTEZ
20 South Second Street, 4th Floor       CCI #A596-827
Newark, OH 43055                        PO Box 5500
                                        Chillicothe, OH 45601

*Baldwin, J.*

{¶1}   Appellant John F. Cortez appeals a judgment of the Licking County Common Pleas Court dismissing his "motion to present plain errors pursuant to Crim. R. 52(B)."  Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2}   On January 9, 2009, appellant pled guilty to 23 counts of unlawful sexual conduct with a minor (R.C. 2907.04(A)) and one count of corrupting another with drugs (R.C. 2925.02(A)(4)(a)).   He was convicted and sentenced to an aggregate term of incarceration of 16 years.  He was also classified as a Tier II sexual offender.

{¶3}   On August 5, 2013, appellant filed a petition to invalidate his sex offender classification and a motion to present plain errors pursuant to Crim. R. 52(B).  Appellant argued that his trial counsel was ineffective, his sentence was excessive and the court did not make proper findings for the imposition of consecutive sentences, and the offenses were allied offenses of similar import.

{¶4}   The court found that appellant was improperly classified under the Adam Walsh Act pursuant to *State v. Williams*, 129 Ohio St. 3d 344 (2011), and that his classification was therefore void.  The court found that Crim. R. 52(B) does not provide appellant any post-trial right to review, converted his motion to a petition for postconviction relief, and dismissed the petition as untimely and barred by res judicata.

{¶5}   Appellant assigns three errors on appeal:

{¶6}   "I.     THE TRIAL COURT ERRED IN DISMISSING DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE."

{¶7} "II.     THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT ONLY FOUND A PORTION OF THE CONVICTION AND SENTENCE TO BE VOID."

{¶8} "III.     THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY DENYING THE PLAIN ERRORS AND DEFECTS OF INEFFECTIVE ASSISTANCE OF COUNSEL."

I.

{¶9} In his first assignment of error, appellant argues that the court erred in converting his motion to correct an illegal sentence into a petition for postconviction relief.

{¶10} A motion to correct or vacate a sentence, despite its caption, meets the definition of a motion for postconviction relief set forth in R.C. 2953.21(A)(1), if it was (1) filed subsequent to direct appeal, (2) claims a denial of constitutional rights, (3) seeks to render the judgment void, and (4) asks for vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St. 3d 158, 160, 679 N.E.2d 1131 (1997). Appellant's motion met this definition, and the trial court therefore did not err in treating his motion as a petition for postconviction relief.

{¶11} The first assignment of error is overruled.

II.

{¶12} Appellant argues that the court erred in finding only his sex offender classification void. He argues that the plea proceeding was flawed, thereby rendering his entire sentence void.

{¶13} As noted by the trial court, only the classification portion of appellant's judgment is rendered void by *Williams*, *supra*; the conviction and sentence are valid. *State v. Bates*, 5th Dist. Guernsey No. 13 CA 9, 2013-Ohio-4768. Appellant's challenge to his plea was in the nature of a petition for postconviction relief. As such, the petition had to be filed no later than 180 days after the time for appeal had expired pursuant to R.C. 2953.21(A)(2). Appellant filed his petition over four years after the time for his appeal had expired. Further, issues concerning the plea proceeding could have been raised on direct appeal, and therefore are barred by res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶14} The second assignment of error is overruled.

III.

{¶15} Appellant argues that the court erred in denying his claim of ineffective assistance of counsel. As discussed earlier in this opinion, appellant's motion was in the nature of a petition for postconviction relief. As such, it was untimely pursuant to R.C. 2953.21(A)(2). Further, ineffective assistance of counsel could have been raised on direct appeal, and therefore is barred by res judicata. *Perry, supra*.

{¶16}  The third assignment of error is overruled.  The judgment of the Licking County Common Pleas is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.