[Cite as *State v. Cortez*, 2016-Ohio-768.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JOHN F. CORTEZ | : | Case No. 15-CA-55 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, 2007-CR-00751


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                February 26, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KENNETH W. OSWALT                         JOHN F. CORTEZ, Pro Se
20 South Second Street                    Inmate No. 596-827
4th Floor                                 C.C.I.
Newark, OH  43055                         P.O. Box 5500
                                          Chillicothe, OH  45601

*Farmer, P.J.*

{¶1}    On January 9, 2009, appellant, John Cortez, pled guilty to twenty-three counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04, third degree felonies, and one count of corrupting another with drugs in violation of R.C. 2925.02, a second degree felony.  By judgment entry filed same date, the trial court sentenced appellant to an aggregate term of sixteen years in prison.  An appeal was not filed.

{¶2}    On August 5, 2013, appellant filed a motion to present plain errors pursuant to Crim.R. 52(B), arguing in part the ineffective assistance of counsel, coercion to plead guilty, and sentencing errors.  By judgment entry filed November 22, 2013, the trial court denied the motion, finding in part the motion was a petition for postconviction relief and was therefore untimely and was barred by the doctrine of res judicata.  This decision was affirmed on appeal.  *State v. Cortez,* 5th Dist. Licking No. 13-CA-121, 2014-Ohio-3814.

{¶3}    On December 5, 2014, appellant filed a motion for resentencing, arguing his sentence was void because the trial court failed to notify him that his failure to pay court costs could subject him to community service, and the trial court failed to impose post-release control on each separate count.  By judgment entry filed July 1, 2015, the trial court denied the motion, finding in part the motion was a petition for postconviction relief and was therefore untimely, and the failure to impose post-release control on each separate count did not have any "practical effect."

{¶4}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}    "THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED IT'S (SIC) DISCRETION WHEN IT REFUSED TO COMPLY WITH THE STATUTORY REQUIREMENTS TO RE-SENTENCE APPELLANT MR. CORTEZ, PURSUANT TO R.C. 2947.23(A)(1)(a), WHEN THE TRIAL COURT FAILED TO "NOTIFY" APPELLANT AT THE SENTENCING HEARING DATED AND ENTERED ON JANUARY 9TH, 2009 THAT HIS FAILURE TO PAY "ALL COSTS OF PROSECUTION AND COURT COSTS IN THIS ACTION, AND PAY COURT-APPOINTED COUNSEL COSTS AND ANY FEES" COULD RESULT IN THE COURT "ORDERING" APPELLANT TO PERFORM COMMUNITY SERVICE UNTIL THE JUDGMENT IS PAID OR, UNTIL THE COURT IS SATISFIED THAT THE APPELLANT IS IN COMPLIANCE WITH THE APPROVED SCHEDULE."

II

{¶6}    "THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED IT'S (SIC) DISCRETION WHEN IT REFUSED TO COMPLY WITH THE STATUTORY REQUIREMENTS TO RE-SENTENCE APPELLANT MR. CORTEZ PURSUANT TO R.C. 2929.19(B), AND R.C. 2967.28 WHEN THE TRIAL COURT FAILED TO COMPLY WITH SEPARATION OF POWERS CONCERNS AND TO FULFILL THE REQUIREMENTS OF POST-RELEASE CONTROL SENTENCING STATUTES, WHEN THE TRIAL COURT FAILED TO "NOTIFY" MR. CORTEZ, AT THE SENTENCING HEARING DATED AND ENTERED ON JANUARY 9TH 2009, WITH RESPECT TO EACH OFFENSE OF THE TWENTY THREE (23) COUNTS OF THE INDICTMENT OF THE NOTIFICATION AS TO EACH COUNT, TO THE MANDATORY FIVE (5) YEARS OF POST-RELEASE CONTROL, AND THE CONSEQUENCES OF VIOLATING POST-RELEASE CONTROL,

AND OF THE LENGTH OF CONFINEMENT THAT COULD BE IMPOSED FOR A POST-RELEASE CONTROL VIOLATION. AND WHEN GIVING IT'S (SIC) NOTIFICATION OF THE POTENTIAL PENALTIES FOR VIOLATIONS OF POST-RELEASE CONTROL. THE COURT "MUST" SPECIFICALLY INCLUDE A "NOTIFICATION" THAT A PRISON TERM IMPOSED FOR COMMISSION OF A NEW FELONY DURING A TERM OF POST-RELEASE CONTROL WILL BE SERVED CONSECUTIVELY TO THE PRISON TERM IMPOSED BY THE COURT FOR VIOLATION OF POST-RELEASE CONTROL, PURSUANT TO R.C. 2929.14(A)."

III

{¶7} "TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE IN VIOLATION OF THE SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS, AND ARTICLE 10, SECTION 1 OF THE OHIO CONSTITUTION FOR FAILING TO "OBJECT" AT THE "SENTENCING HEARING" DATED AND ENTERED ON JANUARY 9TH, 2009 TO THE TRIAL COURT'S IMPOSITION OF MR. CORTEZ, "TO PAY ALL COSTS OF PROSECUTION AND COURT COSTS IN THIS ACTION, AND PAY COURT-APPOINTED COUNSEL COSTS, AND ANY FEES" WHEN THE COURT FAILED TO "NOTIFY" APPELLANT THAT HIS FAILURE TO PAY ANY, AND ALL COSTS IMPOSED BY THE COURT, COULD RESULT IN THE COURT "ORDERING" THE APPELLANT TO PERFORM COMMUNITY SERVICE UNTIL THE JUDGMENT IS PAID, OR UNTIL THE COURT IS SATISFIED THAT APPELLANT IS IN COMPLIANCE WITH THE SCHEDULE."

I, II, III

{¶8}    Appellant claims the trial court erred in denying his motion for resentencing which the trial court treated as a petition for postconviction relief.  Appellant claims the trial court erred in not complying with R.C. 2947.23(A)(1)(a) by failing to notify him of the consequences of failing to pay court costs, erred in failing to advise him of post-release control on each count of his multi-count sentence, failed to properly notify him of the consequences of violating post-release control, and his trial counsel was ineffective for failing to object to the court costs issue.  We disagree.

{¶9}    Appellant's motion was a petition for postconviction relief.  *State v. Reynolds,* 79 Ohio St.3d 158, 1997-Ohio-304.  Given that appellant was sentenced on January 9, 2009 and his motion was filed on December 5, 2014, we agree with the trial court that the motion was untimely.  R.C. 2953.21(A)(2).  Appellant has not met the criteria for a late filing under R.C. 2953.23(A)(1).

{¶10}  Furthermore, his arguments are barred under the doctrine of res judicata.  As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief.  The *Perry* court explained the doctrine at 180-181 as follows:

>    Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have

been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶11}  In reviewing appellant's motion, we find the arguments therein could have been raised at the sentencing hearing or on direct appeal.  *See, State v. Chapman,* 5th Dist. Richland No. 15CA20, 2015-Ohio-3114, ¶ 11.

{¶12}  However, the Supreme Court of Ohio has held that res judicata does not apply to a "sentence that does not include the statutorily mandated term of postrelease control."  *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus.

{¶13}  Appellant concedes that the trial court informed him of post-release control during sentencing for the first count, but argues the trial court failed to inform him of post-release control on each of the remaining counts.

{¶14}  As stated in *State v. Sulek,* 2nd Dist. Greene No. 09CA75, 2010-Ohio-3919, ¶ 25: "The trial court was not required to separately and expressly notify Defendant of the terms of post-release control applicable to each of the three offenses for which prison terms were imposed."  Our brethren from the Second District explained at ¶ 23:

> Only one term of post-release control is actually served, even though a defendant was sentenced to multiple prison terms.  Therefore, when multiple terms of imprisonment are imposed a notification should specify the maximum term of post-release control to which the defendant will be subjected as a result.  When identical post-release control requirements

apply to multiple prison terms, the same notification may apply to each of the offenses concerned. When different post-release control terms apply to multiple prison terms, a single notification of the maximum stated term may also serve to satisfy the notification requirement applicable to any lesser terms, so long as the notification given does not exclude any lesser terms of post-release control the other offenses involve.

{¶15} As stated by our brethren from the Tenth District in *State v. Darks,* 10th Dist. Franklin No. 12AP-578, 2013-Ohio-176, ¶ 11: "Thus, in multiple-offense cases, the sentencing court need only notify the defendant of the longest applicable period of post-release control." The *Darks* court went on to quote the following language from *State v. Reed,* 6th Dist. Erie No. E-11-049, 2012-Ohio-5983, ¶ 12:

Therefore, we now hold that even though R.C. 2967.28(B) requires notification of the postrelease control term to be imposed based upon the particular level of offense involved, that statute is limited in multiple offense cases by R.C. 2967.28(F)(4)(c), which mandates that only one postrelease control sanction (the longest term) can be imposed for all of the offenses. Therefore, the court only has the duty in multiple offense cases to notify the defendant of and impose the longest term of postrelease control applicable under R.C. 2967.28(B). Furthermore, the trial court need not announce at the sentencing hearing nor include in the sentencing judgment the

applicable postrelease control sanction for each individual offense irrespective of whether the terms of control are identical or different.

{¶16} Appellant further argues the trial court failed to notify him of the possible consequences of violating his post-release control specifically, failing to inform him that "a prison term imposed for commission of a new felony during a term of post-release control will be served consecutively to the prison term imposed by the court for the violation of post-release control." Appellant's Brief at 5.

{¶17} The judgment entry filed January 9, 2009 included the following notification regarding post-release control:

> The Court informed the defendant that upon release from prison he would be on mandatory postrelease control for five years, and that is not reducible by the Adult Parole Authority. The Court further notified the defendant that if he violates the conditions of postrelease control imposed by the Parole Board under Ohio Revised Code Section 2967.28, he could be returned to prison for up to nine months for those violations, and if the violation is a new felony, he could be returned to prison on the new felony as well.

{¶18} Appellant did not provide a transcript of the sentencing hearing for our review, as the court reporter was unable to access her electronic notes as argued by appellant. *See* Letter from Court Reporter Jacqueline E. Gainer, attached to Appellant's

Brief as Exhibit B. We note appellant never filed a direct appeal. Had he done so, he may have had access to his transcript at that time, or he could have submitted a statement pursuant to App.R. 9(C) or (D) to reconstruct the record which he failed to do. Therefore, we must presume regularity of the sentencing hearing. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197 (1980). We find the language of the judgment entry notifying appellant that he could be returned to prison for violating his post-release control and could also be returned to prison on the new felony as well, coupled with the presumption of regularity regarding the sentencing hearing, to be sufficient to give appellant notice of the post-release control sanction. *See State v. Moore,* 5th Dist. Muskingum No. CT2015-0027, 2015-Ohio-3435.

{¶19} Assignments of Error I, II, and III are denied.

{¶20} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Delaney, J. concur.

SGF/sg 119