[Cite as *State v. Downey*, 2013-Ohio-4693.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013CA00157 |
| JEREMY MATHEW DOWNEY | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Stark County
Court of Common Pleas, Case No. 2009-
CR-0857

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 21, 2013


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOHN D. FERRERO      JEREMY MATHEW DOWNEY  PRO SE
Prosecuting Attorney      Inmate No. 603-159
BY: RONALD MARK CALDWELL      Richland Correction Institution
110 Central Plaza S., Ste 510      Box 8107
Canton, OH  44702-1413      Mansfield, OH 44901-8107

*Gwin, P.J.*

{¶1} Appellant Jeremy Matthew Downey ["Downey"] appeals the July 15, 2013 Judgment Entry of the Stark County Court of Common Pleas denying his petition to vacate or set aside his conviction or sentence.

*Facts and Procedural History*

{¶2} In 2009, Downey pled guilty to failure to stop after an accident [R.C., 4549.02] and obstructing official business [R.C. 2921.31(A)] and was sentenced to community control sanctions for a period of three years. Less than two months after the imposition of the community control sanction, Downey's probation officer filed a motion to revoke or modify his probation. The grounds alleged were Downey's failure to complete his 100 hours of community service with a non-profit organization, as well as his "failure to comply with an outpatient drug assessment, drug treatment plan, random drug and alcohol monitoring, aftercare and use of all prescribed medications." After a hearing, the trial court held that these grounds were not sufficient to revoke Downey's community control sanction, but modified the probation by imposing additional conditions.

{¶3} Fifteen months later, Downey's probation officer once again filed a motion to revoke or modify probation, alleging several grounds. Downey was driving a motorcycle with a passenger and got into an accident, which resulted in Downey being charged with a number of criminal offenses. At the time of the accident, Downey had drugs and alcohol in his system, In addition, Downey apparently fled and did not keep in touch with his probation officer. Downey stipulated to his violations, and the trial court revoked the community control sanction and imposed an aggregate prison term of 22

months. The trial court arrived at this term by imposing two 11-month prison terms consecutively.

{¶4} Downey did not appeal either the revocation or the sentence. Instead, he waited more than a year to file a "Motion to Run Cases Concurrent to Each Other." In this motion, Downey argued that his two offenses "arose out of a single incident," and thus multiple convictions and consecutive sentences were precluded by R.C., 2941.25.

{¶5} The prosecution's response argued that the two offenses — failure to stop after an accident, and obstructing official business — were not allied offenses of similar import under R.C. 2941.25 because they did not arise from the same criminal conduct. As the prosecution's response asserted, "Defendant's actions in committing the crime Failure to stop after an accident were knowing there was an accident and then leaving the scene without reporting his information to a police authority. Defendant's action in committing the Obstructing of Official [Business] were to attempt to hide his vehicle and then lie to the police."

{¶6} The trial court overruled Downey's motion by judgment entry "[f]or the reasons set forth in the State of Ohio's Response." Downey did not timely appeal this ruling. Instead, he filed for a delayed appeal pursuant to App. R. 5(A) without explaining the 305-day delay. This Court overruled Downey's motion by judgment entry.

{¶7} During the pendency of this delayed appeal, Downey filed a motion with the trial court that is the subject of the instant appeal. In this motion, titled "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" and explicitly filed pursuant to R.C. 2953.21[Petition for post conviction relief], Downey argued that he was denied effective assistance of counsel. He specifically stated in the petition, "Counsel ['] s

failure to raise the issue of allied offenses prejudiced me and violated due process." In his short statement of facts supporting this claim, Downey asserted, "The charges are allied offences *[sic]*, Counsel failed to raise the issue to the Court or me." The "brief" in support of the petition shifted the argument to an evidentiary basis from his earlier R.C. 2941.25 [Allied offenses] argument:

But recently the Defendant descoved *[sic]* that "Obstructing Official Business" must create a risk of physical harm to a person to constitute a feloney *[sic]* of the 5th degree. If the charge indeed stemed *[sic]* from two acts as represented in the Motion by the States Attorney, the risk of injury is not there and the charge would have to be a misdemeanor of the second degree. So in order for both charges to be felony 5's they must both use the element of [physical harm to Michael Grimes as stated in the indictment and as a result must indeed be allied offenses.

{¶8} By judgment Entry filed July 15, 2013, the trial court overruled Downey's petition finding,

The Court finds, as it has previously, that while it is possible to commit the offenses with the same conduct, in the instant case, the offenses were not committed by the same conduct. Rather, Defendant's actions in committing the offense of Failure to Stop after an Accident involved knowing that there was an accident and then leaving the scene without reporting his information to a police authority. Defendant's actions in committing the offense of Obstructing Official Business was his attempt to hide his vehicle and then lie

to the police. Therefore, the Court denied the Defendant's motion as the offenses in the instant case are not allied offenses of similar import.

*Pro se Appellants*

{¶9}    We understand that Downey has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. See, also, *State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

{¶10} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist.No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts and documents in Downey's brief that are outside of the record.

{¶11} In the interests of justice, after reviewing Downey's brief including his contentions, we have interpreted Downey's sole assignment of error in the following manner:

{¶12} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-CONVICTION PETITION."

I.

{¶13} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶14} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusionary decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655(10th Dist. 1983)

{¶15} This appeal shall be considered in accordance with the aforementioned rules.

{¶16} With respect to the Downey's July 12, 2013 Petition to Vacate or set aside Judgment of Conviction or Sentence, we note the caption of a pro se pleading does not definitively define the nature of the pleading. *State v. Reynolds*, 79 Ohio St.3d 158,

1997-Ohio-304, 679 N.E.2d 1131. In *Reynolds*, the Ohio Supreme Court found, despite its caption, the appellant's pleading met "the definition of a motion for post-conviction relief set forth in R.C. 2953.21(A) (1), because it is a motion that was (1) filed subsequent to Reynolds's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." Pursuant to *Reynolds*, we find Downey's Petition to Vacate or set aside Judgment of Conviction or Sentence filed by him on July 12, 2013 is a petition for post conviction relief as defined in R.C. 2953.21.

{¶17} Post conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C. 2953.21, which provides:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶18} Pursuant to R.C. 2953.21(A) (2), a petition for post-conviction relief, shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme

court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶19} Downey did not file an appeal from the original sentence imposed September 23, 2009; nor did he file an appeal from the modification of sentence that occurred on November 23, 2009. Downey did not file an appeal from the imposition of the prison sentence, which occurred June 6, 2011 after he had stipulated that he had violated the terms of his community control sanctions. Downey attempted to file a delayed appeal in Fifth District Stark Case No. 2013CA00123 on June 24, 2013 over two years after the consecutive sentences had been imposed by the trial court. We denied Downey's motion to file a delayed appeal by Judgment Entry filed July 17, 2013 finding that he had not established sufficient reason justifying the delay.

{¶20} Even before our decision in Case No. 2013CA00123, Downey filed his Petition to Vacate or Set Aside Judgment of Conviction or Sentence in the trial court on July 12, 2013. The trial court denied his petition on July 17, 2013. Downey's Notice of Appeal in this case was filed in the trial court on August 6, 2013, approximately 793 days after the trial court imposed the consecutive sentences in Downey's case.

{¶21} Because Downey's petition was untimely filed, the trial court was required to entertain the petition only if Downey could meet the requirements of R.C. 2953.23(A). This statute provides, in pertinent part:

* * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:

(1) Either of the following applies:

(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

**1. Obstructing Official Business.**

R.C. 2921.31, Obstructing Official Business provides,

(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

(B) Whoever violates this section is guilty of obstructing official business. Except as otherwise provided in this division, obstructing official business is a misdemeanor of the second degree. If a violation of this section creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree.

**{¶22}** In the case at bar, Downey argues that the crimes as explained in the trial court's July 13, 2013 Judgment Entry are not sufficient to elevate the conviction to a felony because there was no finding that his acts of hiding the vehicle and lying to the officer  created a "risk of physical harm." Downey contends that he recently became aware of these facts.

**{¶23}** In the case at bar, Downey became aware of the consecutive sentences in 2011. As previously noted, Downey waited over two years to attempt to file an appeal from that decision.

**{¶24}** Downey became aware of the facts that he now contends justify his delay when the trial court overruled his Motion to Run Cases Concurrent to Each other on September 17, 2012. He failed to timely appeal that decision and has given no reason for his failure to timely appeal the trial court's September 17, 2012 decision.

**{¶25}** As such, appellant has failed to meet his burden under R.C. 2953.23(A) (1) to file an untimely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See *State v. Kelly,* 6th Dist. No. L-05-1237, 2006-Ohio-1399, at ¶ 12; *State v. Smith*, 9th Dist. No. 05CA008772, 2006-Ohio-2045 at ¶9; *State v. Luther*, 9th Dist. No. 05CA008770, 2006-Ohio-2280 at ¶13.

**{¶26}** We find that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition because of its untimeliness. Id.

**{¶27}** Another proper basis upon which to deny a petition for post conviction relief without holding an evidentiary hearing is *res judicata. State v. Lentz*, 70 Ohio St.3d 527, 530, 639 N.E.2d 784(1994); *State v. Phillips*, 9th Dist. Summit No. 20692, 2002-Ohio-823.

**{¶28}** Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233(1996), syllabus, approving and following *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104(1967), paragraph nine of the syllabus. It is well settled that, "pursuant to *res judicata,* a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131(1997). Accordingly, "[t]o survive preclusion by *res judicata,* a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik*, 9th Dist. Lorain No. 98CA007279, 2000 WL 254908( Mar. 8, 2000); *see, also*, *State v. Ferko*, 9th Dist. Summit  No. 20608, 2001 WL 1162835(Oct. 3, 2001); *State v. Phillips*, supra.

**{¶29}** In the case at bar, the facts and information upon which Downey bases his petition are contained in the trial court record. Therefore, the doctrine of res judicata bars a defendant from asserting the "merger" issue in a post-judgment motion for resentencing; i.e., the lack of merger must be contested in a direct appeal from the final sentencing judgment. *State v. Stalnacker,* 11th Dist. Lake No. 2013-L-006, 2013-Ohio-3479, ¶12; *State v. Norris,* 7th Dist. Monroe No. 11 MO 4, 2013–Ohio–866, ¶15; *State v. Garnett,* 10th Dist. Franklin No. 12AP-594, 2013-Ohio-1210, ¶9; *State v. Rutledge,* 10th Dist. Franklin No. 11AP–853, 2012–Ohio–2036, ¶ 13. Additionally,

> [T]he failure to merge allied offenses at sentencing does not render a sentence void. *State v. Guevara,* 6th Dist. No. L–12–1218, 2013–Ohio–728, ¶ 8. *See also State v. Greenberg,* 10th Dist. No. 12AP–11, 2012–Ohio–3975, ¶ 12, quoting *Timmons* [10th Dist. Franklin No. 11AP–895, 2012–Ohio–2079]*,* at ¶ 12 ("an allied offenses error renders the sentence voidable. ' Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal.'").

*Garnett,* 2013-Ohio-1210, ¶10.

{¶30} Based upon the foregoing, Downey's single assignment of error is overruled, and the judgment of the Stark County Court of Common Pleas is hereby affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


WSG:clw 1009

[Cite as *State v. Downey*, 2013-Ohio-4693.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JEREMY MATHEW DOWNEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2013CA00157 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is hereby affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE