[Cite as *State v. Brown*, 2014-Ohio-3222.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| JUHAN BROWN | : | Case No. 14CA3 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Richland County
Court of Common Pleas, Case No.
2010 CR 603 H



JUDGMENT:      Affirmed



DATE OF JUDGMENT:      July 22, 2014



APPEARANCES:

For Plaintiff-Appellee                                  For Defendant-Appellee

JAMES J. MAYER, JR.                              JUHAN BROWN
Prosecuting Attorney                               # A 601-361
                                                   c/o Richland Correctional Instutution
By: JILL M. COCHRAN                             P.O. Box 8107
Assistant Prosecuting Attorney               Mansfield, OH 44901
38 South Park Street
Mansfield, OH 44902

*Baldwin, J.*

{¶1}    Defendant-appellant Juhan Brown appeals from the December 27, 2013 Judgment Entry issued by the Richland County Court of Common Pleas overruling and dismissing his "Motion for Dismissal of Convictions Based on Inapplicable Offenses and Motion to Take Judicial Notice". Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    In early 2009, METRICH officers began receiving information that an individual from Detroit, Michigan, using the street name "Moe," was selling crack cocaine from a house in Mansfield, Ohio. In February and April 2009, the METRICH officers, utilizing a confidential informant, made controlled drug purchases from appellant. The first buy took place inside a house at 21 East Arch Street; the second took place at 55 East Arch Street.

{¶3}    In October 2009 METRICH officers arranged a third controlled drug buy from appellant, using a different confidential informant, this time again at 55 East Arch Street. Soon thereafter, METRICH officials obtained a search warrant for the premises at 55 East Arch Street. The warrant was executed on October 22, 2009 by METRICH and SWAT officers. A rented automobile parked nearby was also searched. Three baggies of a substance later tested as crack cocaine were discovered, with respective weights of 5.68 grams, 3.49 grams, and 3.24 grams. A digital scale was also found. In addition, U.S. currency totaling more than $900.00 was obtained from appellant's pants pockets.

{¶4}    On November 11, 2009, appellant was indicted under case 09–CR–797H by the Richland County Grand Jury on two counts of trafficking between one and ten

grams of crack cocaine in the vicinity of a school zone and one count of possession of between ten and twenty-five grams of crack cocaine.

{¶5} On March 31, 2010, appellant filed a motion to suppress the evidence obtained pursuant to the search warrant. The matter proceeded to a hearing before the trial court on August 4, 2010. Appellant conceded via counsel that he had no protected interest in the 55 East Arch residence, and the trial court denied the suppression motion as to the house. Furthermore, items seized from the vehicle were found to have no relevance to the case.

{¶6} On September 3, 2010, appellant was re-indicted under case 2010–CR603H as follows:

{¶7} Count I: Trafficking in crack cocaine (between one and ten grams) in the vicinity of a school zone, R.C. 2925.03(A), a felony of the third degree.

{¶8} Count II: Trafficking in crack cocaine (between one and ten grams) in the vicinity of a school zone, R.C. 2925.03(A), a felony of the third degree.

{¶9} Count III: Possession of crack cocaine (between ten and twenty-five grams), R.C. 2925.11, a felony of the second degree, with a forfeiture specification for $940.00 in currency.

{¶10} Count IV: Trafficking in crack cocaine (between one and ten grams) in the vicinity of a school zone, R.C. 2925.03(A), a felony of the third degree.

{¶11} The case proceeded to a jury trial commencing on March 14, 2011. On March 18, 2011, the jury found appellant guilty on all four counts of the indictment, including the specifications of trafficking in the vicinity of a school zone and the forfeiture specification. On March 31, 2011, the trial court sentenced appellant to two years in

prison on each of the three trafficking counts, and five years on the possession count. The terms were ordered to be served consecutively, for a total sentence of eleven years in prison.

{¶12}  Appellant then appealed his convictions and sentence. Pursuant to an Opinion filed on June 13, 2012 in *State v. Brown*, 5th Dist. Richland No. 11 CA 42, 2012 -Ohio- 2672, this Court affirmed the judgment of the trial court.

{¶13}  Subsequently, on July 15, 2013, appellant filed a "Motion for Dismissal of Convictions Based on Inapplicable Offenses and a Motion to Take Judicial Notice". Appellant, in his motion, argued that on or about May 17, 2013, he had received digital maps from his trial counsel and that such maps showed that none of his alleged offenses were committed within the vicinity of a school zone. Appellant argued that he could not, therefore, have been convicted of 3rd degree felony trafficking offenses. Appellant also argued that his conviction for possession of crack cocaine in an amount equal to or exceeding 10 grams and less than 25 grams was contrary to law based on a November 2009 drug analysis report prepared by Mansfield Police Forensic Science Laboratory that was attached to his motion. Finally, appellant argued that there was a conflict of interest because the charging detective's sole partner notarized the original complaint and that "same detective's signature attests to the items seized without him ever being present at the home during the search."  Appellant attached a copy of the Return for Search Warrant form to his motion. Appellant asked the trial court to take judicial notice of the materials attached to his motion. Appellee filed a response on December 18, 2013.

{¶14} The trial court, pursuant to a December 27, 2013 Judgment Entry overruled and dismissed appellant's "Motion for Dismissal of Convictions Based on Inapplicable Offenses and Motion to Take Judicial Notice", which it treated as a petition for post conviction relief. The trial court found that the same had been untimely filed and that the alleged "new evidence" was available to appellant's counsel at the time of trial. The trial court also found that "[a]ny error at trial had to be presented in the appeal process" and that appellant was attempting to raise issues not presented in his initial appeal.

{¶15} Appellant now raises the following assignments of error on appeal:

{¶16} THE TRIAL COURT ENTIRELY ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT APPELLANT AN EVIDENTIARY HEARING PURSUANT TO CRIM.R. 33(A)(6) BASED ON NEWLY DISCOVERED EVIDENCE.

{¶17} APPELLANT'S CONVICTION FOR POSSESSION OF DRUGS IN AN AMOUNT EQUAL TO OR EXCEEDING 10 GRAMS BUT LESS THAN 25 GRAMS WAS CONTRARY TO THE EVIDENCE SEIZED  AND THUS, BEYOND THE TRIAL COURT'S JURISDICTION. IN CONTRAVENTION OF R.C. 2925.11(A) OF THE OHIO REVISED CODE.

{¶18} THE CHARGING INSTRUMENT AND SUBSEQUENT JURY VERDICT CONVICTING APPELLANT OF TRAFFICKING CRACK COCAINE IN AN AMOUNT EQUAL TO 1 GRAM BUT LESS THAN 10 GRAMS IS VOID AB INITIO. THERE EXISTS NO SUCH PROVISION IN TH (SIC) OHIO REVISED CODE UNDER R.C. 2929.03(A).

I, II, III

{¶19}   Appellant, in his three assignments of error, challenges the trial court's December 27, 2013 Judgment Entry overruling and dismissing appellant's "Motion for Dismissal of Convictions Based on Inapplicable Offenses and Motion to Take Judicial Notice".

{¶20}   In the syllabus of *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131 the Supreme Court of Ohio set forth the standard by which post conviction motions are to be reviewed in light of R.C. 2953.21: "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post conviction relief as defined in R.C. 2953.21."

{¶21}   The *Reynolds* court explained that despite its caption, a motion meets the definition of a petition for post conviction relief if it is (1) filed subsequent to a direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks for vacation of the judgment and sentence. Id at 160.

{¶22}   Accordingly, in reviewing appellant's motion, we find it to be a petition for post conviction relief (PCR) as defined in R.C. 2953.21.   The motion was filed subsequent to appellant's direct appeal, claimed a denial of his constitutional rights and sought to render the judgment void and also asked for vacation of the judgment and sentence.

{¶23}  The time requirements for PCR petitions are set forth in R.C. 2953.21(A)(2) as follows:

{¶24} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

{¶25} In turn, R.C. 2953.23(A) states, in relevant part, as follows:

{¶26} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

{¶27} "(1) Both of the following apply:

{¶28} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶29} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted …"

{¶30} In the case sub judice, appellant does not dispute that his petition was untimely. Rather, he argues that he did not receive the digital maps and other evidentiary materials attached to his July 15, 2013 " Motion for Dismissal of Convictions Based on Inapplicable Offenses and a Motion to Take Judicial Notice" until approximately May 17, 2013 and that they were, therefore, newly discovered evidence.

{¶31} However, we concur with the trial court that the "new" evidence was available to appellant's trial counsel at the time of trial and, therefore, was not newly discovered evidence. As noted by appellee, the exhibits attached to appellant's petition clearly indicated at the top that they were faxed from appellant's attorney's office on November 17, 2011 while the initial appeal was pending and within the time to file a timely petition.  Moreover, the search warrant return and lab test results were presented at trial as exhibits and the indictment, which appellant argues was deficient, was part of the trial court record. Because these were not newly discovered evidence, the trial court did not err in overruling appellant's untimely petition for post conviction relief without a hearing.

{¶32} We also find that the issues that appellant are barred by the doctrine of res judicata. Appellant had a prior opportunity to litigate the claims he now sets forth in the instant appeal in his direct appeal. Such claims, therefore, are barred under the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows: "Under the doctrine of res judicata, a

final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Id.* Other than the digital maps presented by appellant, the other exhibits and the indictment were part of the record. As is stated above, the maps were available to appellant's trial counsel in November of 2011.

{¶33} Appellant's three assignments of error are, therefore, overruled.

{¶34} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.