[Cite as *State v. Brown*, 2016-Ohio-5893.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 16CA15 |
| JUHAN BROWN | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County Court of Common Pleas, Case No. 10-CR-603R

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      September 19, 2016

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

BAMBI COUCH PAGE      JUHAN BROWN
DANIEL M. ROGERS      P.I.N. a-601-361
Richland County Prosecutor's Office      Richland Correctional Inst.
38 South Park Street      1001 Olivesburg Road
Mansfield, OH 44902      Mansfield, OH 44901-8107

*Gwin, P.J.*

{¶1}    Defendant-appellant Juhan Brown ["Brown"] appeals from the February 23, 2016 Judgment Entry issued by the Richland County Court of Common Pleas overruling his "Motion for a Final Appealable Order."

*Facts and Procedural History*

{¶2}    This Court upheld Brown's convictions and sentences for 1). Trafficking in crack cocaine (between one and ten grams) in the vicinity of a school zone, R.C. 2925.03(A), a felony of the third degree; 2). Trafficking in crack cocaine (between one and ten grams) in the vicinity of a school zone, R.C. 2925.03(A), a felony of the third degree; 3). Possession of crack cocaine (between ten and twenty-five grams), R.C. 2925.11, a felony of the second degree, with a forfeiture specification for $940.00 in currency; and 4). Trafficking in crack cocaine (between one and ten grams) in the vicinity of a school zone, R.C. 2925.03(A), a felony of the third degree.  For a complete background underlying Brown's convictions see, *State v. Brown,* 5th Dist. Richland No. 11 CA 42, 2012-Ohio-2672.  ["*Brown I*"].  The Ohio Supreme Court declined to exercise jurisdiction.  *State v. Brown,* 134 Ohio St.3d 1448, 2013-Ohio-347, 982 N.E.2d 727(Table). This Court denied Brown's motion to re-open his appeal by Judgment Entry filed November 2, 2012.

{¶3}    Subsequently, on July 15, 2013, Brown filed a "Motion for Dismissal of Convictions Based on Inapplicable Offenses and a Motion to Take Judicial Notice."  The trial court, pursuant to a December 27, 2013 Judgment Entry overruled and dismissed Brown's "Motion for Dismissal of Convictions Based on Inapplicable Offenses and Motion to Take Judicial Notice", which it treated as a petition for post-conviction relief.  This Court

affirmed the judgment of the trial court. *State v. Brown,* 5th Dist. Richland No. 14CA3, 2014-Ohio-3222 [*Brown II"].* This Court denied Brown's motion to reconsider by Judgment Entry filed August 27, 2014. The Ohio Supreme Court declined to exercise jurisdiction. *State v. Brown,* 141 Ohio St.3d 1475, 2015-Ohio-554, 25 N.E.3d 1081(Table.)

{¶4} Thereafter, on August 8, 2014, Brown filed a Motion to Vacate Sentence Pursuant to R.C. 2945.75(A)(2). The trial court overruled that motion on October 9, 2014. This Court affirmed the trial court's decision. *State v. Brown,* 5th Dist. Richland No. 14CA83, 2015-Ohio-850 ["*Brown III*"].

{¶5} Thereafter on February 11, 2016, Brown filed a "Motion for a Final Appealable Order." The trial court overruled Brown's motion by Judgment Entry filed February 23, 2016.

*Assignments of Error*

{¶6} Brown raises four assignments of error,

{¶7} "I. THE TRIAL COURT'S IMPOSITION OF SENTENCE DOES NOT CONSTITUTE A FINAL, APPEALABLE ORDER PURSUANT TO CRIMINAL RULE 32(C).

{¶8} "II. THE TRIAL COURT ABUSES ITS DISCRETION WHEN IT FAILED TO CORRECT THE IMPOSITION OF A VOID SENTENCE BY PROPERLY NOTIFYING MR. BROWN THE CONSEQUENCES OF VIOLATING POST-RELEASE CONTROL AS MANDATED BY R.C. 2929.141.

{¶9} "III. THE TRIAL COURT FAILED TO PROVIDE MR. BROWN NOTIFICATION AT SENTENCING THAT THE FAILURE TO PAY COURT COSTS AND

FINE MAY RESULT IN THE COURT ORDERING THE PERFORMANCE OF COMMUNITY SERVICE AS REQUIRED R.C. 2947.23(A)(1) RENDERS HIS SENTENCE VOID.

{¶10} "IV. THE TRIAL COURT WAS WITHOUT JURISDICTION TO SUSPEND MR. BROWN'S MICHIGAN DRIVER LICENSE, BUT ONLY REQUIRED TO SUSPEND HIS DRIVING PRIVILEGES IN OHIO."

*Pro se Appellants*

{¶11} We understand that Brown has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See, also, State v. Hall*, 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

{¶12} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See*, State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler*, 112 Ohio St.3d 122, 2006-Ohio-6515, 858

N.E.2d 386, ¶7, *quoting Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts and documents in the parties' briefs that are outside of the record.

{¶13} In the interests of justice, we shall attempt to consider Brown's assignments of error.

*Post-conviction Relief*

{¶14} In the syllabus of *State v. Reynolds,* 79 Ohio St.3d 158, 1997–Ohio–304, 679 N.E.2d 1131 the Supreme Court of Ohio set forth the standard by which post-conviction motions are to be reviewed in light of R.C. 2953.21: "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21."

{¶15} The *Reynolds* court explained that despite its caption, a motion meets the definition of a petition for post-conviction relief if it is (1) filed subsequent to a direct appeal; (2) claims a denial of constitutional rights; (3) seeks to render the judgment void; and (4) asks for vacation of the judgment and sentence. Id. at 160.

{¶16} Accordingly, in reviewing Brown's motion, we find it to be a petition for post-conviction relief (PCR) as defined in R.C. 2953.21. The motion was filed subsequent to Brown's direct appeal, claimed a denial of his constitutional rights and sought to render the judgment void and asked for vacation of the judgment and sentence.

**{¶17}** R.C. 2953.23(A) provides that a defendant may file only one petition for post-conviction relief, unless he can satisfy one of the narrow exceptions set forth in the statute. This statute provides in pertinent part:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section *or a second petition or successive petitions for similar relief* on behalf of a petitioner unless both of the following apply:

(1) Either of the following applies:

(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

**{¶18}** In the case at bar, each of Brown's assignments of error concern the imposition of sentence. Thus, Brown was aware of the facts upon which his motion to vacate was based on March 31 2011. As such, Brown has failed to meet his burden under R.C. 2953.23(A)(1) to file an untimely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. *See State v. Kelly*, 6th Dist. No. L–05–1237, 2006–Ohio–1399, at ¶ 12; *State v. Smith*, 9th Dist. No. 05CA008772, 2006–Ohio–2045 at ¶ 9; *State v. Luther*, 9th Dist. No. 05CA008770, 2006–Ohio–2280 at ¶ 13; *State v. Downey,* 5th Dist. Stark No. 2013CA00157, 2013-Ohio-4693, ¶25. We find that the trial court's denial of Brown's "Motion for a Final Appealable Order" is proper because the court was not statutorily authorized to entertain the petition because of its untimeliness. Id.

I.

**{¶19}** In his first assignment of error, Brown contends that his sentencing entry is not a final appealable order because the trial court failed to advise him during the sentencing hearing that, should he commit a felony while on post-release control, his post-release control could be terminated and he could be sentenced to an additional term of imprisonment equal to the greater of the remaining period of post release control or one year for committing a felony while on post release control; the trial court failed to advise him that failure to pay court costs could result in an order to perform community service; and the trial court improperly suspended his driver's license.

**1. Post release control notification does not require notification of the penalty provisions in R.C. 2929.141(A).**

{¶20} We begin by noting that the sentencing entry in Brown's case was filed March 31, 2011. At that time, R.C. 2929.19 provided that the trial court,

(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person. If a court imposes a sentence including a prison term of a type described in division (B)(3)(c) of this section on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(3)(c) of this section that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under division (B) of section 2967.28 of the Revised Code. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of this section and failed to notify the offender pursuant to division (B)(3)(c) of this section regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence a statement regarding post-release control.

(d) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(3)(c) of this section. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in division (B)(3)(d) of this section and failed to notify the offender pursuant to division (B)(3)(d) of this section regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence a statement regarding post-release control.

(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender. If a court imposes a sentence including a prison term on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(3)(e) of this section that the parole board may impose a prison term as described in division (B)(3)(e) of this section for a violation of that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code or to include in the judgment of conviction entered on the journal a statement to that effect

does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation of that nature if, pursuant to division (D)(1) of section 2967.28 of the Revised Code, the parole board notifies the offender prior to the offender's release of the board's authority to so impose a prison term. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(3)(e) of this section regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control.

{¶21} In the case at bar, the trial court informed Brown as follows,

Three years post-release control, meaning that once you serve whatever time you will serve in this matter, you will be on post-release control for a period of three years. A violation of post-release control rules will put you in a position to be sent back to prison for up to one half the time you've already done.

Sent. T. March 28, 2011 at 795.

{¶22} The Sentencing Entry filed March 31, 2011 provided the following notification,

This sentence includes 3 years of mandatory post-release control (PRC) with a condition to complete Richland County ReEntry Court if the defendant resides in Richland County. Violation of PRC could result in additional prison time up to 50% of this sentence. If the violation is a new

felony, the defendant could receive a new prison term in this case of the greater of one year or the time remaining on the post-release control.

**{¶23}** Thus, Brown was notified in accordance with R.C. 2929.14(B)(3)(c) of the consequences of violating post-release control. However, Brown argues that the trial court was required to notify him in accordance with R.C. 2929.141 that, should he commit a felony while on post-release control, his post-release control could be terminated and he could be sentenced to an additional term of imprisonment equal to the greater of the remaining period of post-release control or one year and that the sentence would run consecutively to any new prison term imposed for the new felony.

**{¶24}** In *State v. Adkins*, 4th Dist. Lawrence No. 14CA29, 2015–Ohio–2830, the Court observed,

> We are cognizant that a number of other appellate districts have considered whether the post-release control notification of R.C. 2929.19(B)(2)(e) must include notification of the penalty provisions in R .C. 2929.141(A)(1)-(2) and have held that this notification is not required. *See State v. Bybee*, 2015–Ohio–878, 28 N.E.3d 149 (8th Dist.) ( ... refusing to extend the post-release control notification requirements set forth in *State v. Jordan*, 104 Ohio St.3d 21, 2004–Ohio–6085, 817 N.E.2d 864 and codified in R.C. 2929.19(B) to require additional notification of penalties under R.C. 2929.141 but agreeing with *Mullins, infra*, that it is a better practice to do so); *State v. Burgett*, 3rd Dist. Marion App. No. 9–10–37, 2010–Ohio–5945 ("we find no such requirement contained in the statute mandating the trial court to notify a defendant of all the possible

consequences of his commission of a felony while on post-release control, as set forth under R.C. 2929.141"); *State v. Lane*, 3rd Dist. Allen App. No. 1–10–10, 2010–Ohio–4819 (the possible consequences of the commission of a felony under R.C. 2929.141 are discretionary options of the trial court, and no notice to a defendant of those options is required); *State v. Witherspoon,* 8th Dist. Cuyahoga No. 90498, 2008–Ohio–4092; *State v. Mullins*, 12th Dist. Butler App. No. CA2007–01–028, 2008–Ohio–1995, ¶ 14 (holding that there is no requirement that the trial court at the sentencing hearing notify defendant of the possible penalties under R.C. 2929.141, though "we do note that the better practice would be to include notification of the potential implications of R.C. 2929.141 when notifying defendants of the other potential implications of post-release control"); *State v. Susany*, 7th Dist. Mahoning App. No. 07MA7, 2008–Ohio-1543 (there is no requirement that the defendant must also be informed of the penalties under R.C. 2929.141 as part of the notification required under R.C. 2929.19(B)).

**{¶25}** We find *Adkins* to be persuasive and similarly find no error in the trial court's failure, at Brown's sentencing on his original offense, to inform him of the potential sentence for committing a new felony while on post release control.

**2. Failure to advise that the failure to pay mandatory court costs could result in the trial court ordering him to perform community service.**

**{¶26}** The Ohio Supreme Court has held that "[t]he civil nature of the imposition of court costs does not create the taint on the criminal sentence that the failure to inform a defendant of post-release control does." *State v. Chapman*, 2015–Ohio–3114 at ¶ 11

*quoting State v. Joseph*, 125 Ohio St.3d 76, 79, 2010–Ohio–954, 926 N.E.2d 278, 282, ¶ 21 (2010).  Therefore, the failure of the court to notify a defendant of the obligation to pay costs so that he may move for a waiver of costs may be error cognizable on direct appeal, but it does not render the sentence void.  Id. *See, State v. Massey,* 5th Dist. Delaware No. 15 CAA 05 0043, 2015-Ohio-5193, ¶25.

**{¶27}**  Further, the Supreme Court of Ohio had held that "the time to appeal a trial court's failure to provide the notice required by R.C. 2947.23(A)(1) begins to run from the date of the trial court's sentencing entry.  *See State v. Threatt*, 108 Ohio St.3d 277, 2006–Ohio–905, 843 N.E.2d 164, paragraph three of the syllabus (a sentencing entry is a final, appealable order as to costs.)."  *State v. Smith*, 131 Ohio St.3d 297, 2012–Ohio–781, 964 N.E.2d 423, ¶ 10.

**{¶28}**  Accordingly, a defendant must challenge on direct appeal the trial court's failure to provide the notice required by R.C. 2947.23(A)(1)(a), and the failure to do so renders the issue barred by res judicata.  See *State v. Thompson*, 2nd Dist. Montgomery No. 26364, 2015–Ohio–1984 ("Since Thompson could have raised his argument regarding the court's failure to comply with R.C. 2947.23 in his direct appeal from his 2009 conviction and failed to do so, res judicata bars him from subsequently raising the issue."); *see also, e.g., State v. Barnes*, 12th Dist. Warren No.  CA2014–03–049, 2015–Ohio–651, ¶ 11 ("While a void judgment may be challenged at any time, a trial court's failure to properly advise a defendant as to court costs does not render a judgment void."); *State v. Massey* at ¶24.

**3. Suspension of driver license.**

**{¶29}** App.R. 16(A)(7) states that appellant shall include in his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, *with citations to the authorities, statutes, and parts of the record on which appellant relies.* The argument may be preceded by a summary." [Emphasis added].

**{¶30}** Because Brown fails to properly reference portions of the record supporting his claim that he had only a Michigan driver's license, Brown cannot demonstrate the claimed error. *See Daniels v. Santic*, 11th Dist. Geauga No. 2004-G-2570, 2005-Ohio-1101, ¶ 13-15. *See, also*, App.R. 12(A)(2) and 16(A)(7); *Graham v. City of Findlay Police Dept.* 3rd Dist. Hancock No. 5–01–32, 2002–Ohio–1215 (stating, "[t]his court is not obliged to search the record for some evidence of claimed error. * * * Rather, an appellant must tell the appellate court specifically where the trial court's alleged errors may be located in the transcript"); *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 13; *State ex rel. Petro v. Gold,* 166 Ohio App.3d 371, 2006-Ohio-943(10th Dist.), ¶ 94*, appeal not allowed*, 110 Ohio St.3d 1439, 2006-Ohio-3862, *reconsideration denied,* 111 Ohio St.3d 1418, 2006- Ohio-5083; *Porter v. Keefe,* 6th Dist. Erie No. E-02-018, 2003-Ohio-7267, ¶109-113.

**{¶31}** Brown's first assignment of error is overruled.

II.

**{¶32}** In his second assignment of error, Brown contends that his sentence is void because the trial court failed to notify him of the consequences of violating post-release

control; the trial court failed to impose post-release control on all counts and the trial court failed to specify the order in which Brown's consecutive sentences are to run.

**1. Post-release control.**

{¶33} We have found in our disposition of Brown's first assignment of error that the trial court properly advised Brown concerning post-release control.

**2. Failure to impose post-release control on each count.**

{¶34} In multiple-offense cases, the sentencing court need only notify the defendant of the longest applicable period of post-release control. *State v. Cortez,* 5th Dist. Licking No. 15-CA-55, 2016-Ohio-768, ¶14-¶15. See also, R.C. 2967.28(F)(4)(c).

**3. Order of consecutive sentences.**

{¶35} R.C. 2929.14(E)(6) in effect at the time Brown was sentenced provides that when consecutive prison terms are imposed, the term to be served is the aggregate of all of the terms so imposed.

{¶36} We must be mindful of the " * * * elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." *Smith v. Flesher*, 12 Ohio St.2d 107, 111, 233 N.E.2d 137(1967); *Accord, Hampel v. Food Ingredients Specialties, Inc.,* 89 Ohio St.3d 169, 185, 2000-Ohio-128, 729 N.E.2d 726 *State v. Stanton*, 15 Ohio St.2d 215, 217, 239 N.E.2d 92,94(1968); *Wachovia Mtg. Corp. v Aleshire*, 5th Dist. Licking No. 09 CA 4, 2009-Ohio-5097, ¶16. *See, also*, App.R. 12(D).

{¶37} In the case at bar, Brown will serve the aggregate of all consecutive sentences imposed. Brown has failed to elucidate how the failure to specify a particular order in which the sentences are to be served has prejudiced him.

{¶38}  Brown's second assignment of error is overruled.

III, and IV

{¶39}  Brown argues in his third assignment of error that the trial court erred in informing him concerning the imposition of court costs.  In his fourth assignment of error, Brown contends that the trial court improperly suspended his driver's license.

{¶40}   Another proper basis upon which to deny a petition for post-conviction relief without holding an evidentiary hearing is res judicata.  *State v. Lentz*, 70 Ohio St.3d 527, 530, 639 N.E.2d 784(1994); *State v. Phillips*, 9th Dist. Summit No. 20692, 2002–Ohio–823.

{¶41}  Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.  *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233(1996), *syllabus, approving and following State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104(1967), paragraph nine of the syllabus.  It is well settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal."  *State v. Reynolds,* 79 Ohio St.3d 158, 161, 679 N.E.2d 1131(1997).  Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record."  *State v. Nemchik*, 9th Dist.

Lorain No. 98CA007279, 2000 WL 254908 (Mar. 8, 2000); see, also, *State v. Ferko,* 9th Dist. Summit No. 20608, 2001 WL 1162835(Oct. 3, 2001).

**{¶42}** In the case at bar, the facts and information upon which Brown bases his third and fourth assignments of error are contained in the trial court record. Brown has appealed the trial court's decision and judgment entry on three prior occasions.

**{¶43}** Brown's third and fourth assignments of error are overruled.

**{¶44}** The judgment of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur