[Cite as *State v. Brown*, 2018-Ohio-3145.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 18CA30 |
| | : | |
| JUHAN BROWN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court
                             of Common Pleas, Case No. 10-CR-
                             603R

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      August 3, 2018

APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

GARY BISHOP                              JUHAN BROWN, PRO SE
RICHLAND CO. PROSECUTOR                  Inmate No. A601-361
JOSEPH C. SNYDER                         P.O. Box 8107
38 South Park St.                        Mansfield, OH 44905
Mansfield, OH 44902

*Delaney, J.*

{¶1} Appellant Juhan Brown appeals from the March 13, 2018 Judgment Entry Overruling Motion to Correct Sanctions Imposed of the Richland County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal. This case has a lengthy procedural history; the following is relevant to issues raised in this appeal.

{¶3} The following facts are taken from our opinion in *State v. Brown*, 5th Dist. Richland No. 11 CA 42, 2012-Ohio-2672, ¶¶ 7-12, delayed appeal allowed, 132 Ohio St.3d 1530, 2012-Ohio-4381, and appeal not allowed, 134 Ohio St.3d 1448, 2013-Ohio-347 (*Brown I*).

{¶4} In 2010, appellant was charged by indictment as follows:

Count I: Trafficking in crack cocaine (between one and ten grams) in the vicinity of a school zone, R.C. 2925.03(A), a felony of the third degree.

Count II: Trafficking in crack cocaine (between one and ten grams) in the vicinity of a school zone, R.C. 2925.03(A), a felony of the third degree.

Count III: Possession of crack cocaine (between ten and twenty-five grams), R.C. 2925.11, a felony of the second degree, with a forfeiture specification for $940.00 in currency.

Count IV: Trafficking in crack cocaine (between one and ten grams) in the vicinity of a school zone, R.C. 2925.03(A), a felony of the third degree.

{¶5} The case proceeded to a jury trial commencing on March 14, 2011, and appellant was found guilty on all four counts of the indictment, including the specifications of trafficking in the vicinity of a school zone and the forfeiture specification. On March 31, 2011, the trial court sentenced appellant to two years in prison on each of the three trafficking counts, and five years on the possession count. The terms were ordered to be served consecutively, for a total sentence of eleven years in prison.

{¶6} Appellant directly appealed from his convictions and sentence and we affirmed in *Brown I*, supra.

{¶7} On July 15, 2013, appellant filed a motion for post-conviction relief which the trial court overruled on December 27, 2013. We affirmed the decision in *State v. Brown*, 5th Dist. Richland No. 14CA3, 2014–Ohio–3222, appeal not allowed, 41 Ohio St.3d 1475, 2015-Ohio-554, 25 N.E.3d 1081 (*Brown II*).

{¶8} On August 8, 2014, appellant filed a Motion to Vacate Sentence Pursuant to R.C. 2945.75(A)(2) and the trial court denied the motion on October 9, 2014. We affirmed this decision in *State v. Brown*, 5th Dist. Richland No. 14CA83, 2015-Ohio-850 (*Brown III*).

{¶9} Appellant next filed a "Motion for a Final Appealable Order" which the trial court overruled on February 23, 2016, a decision we affirmed in *State v. Brown*, 5th Dist. Richland No. 16CA15, 2016-Ohio-5893, motion to certify allowed, 147 Ohio St.3d 1473,

2016-Ohio-8438, 65 N.E.3d 777, and appeal not allowed, 149 Ohio St.3d 1407, 2017-Ohio-2822, 74 N.E.3d 465 (*Brown IV*).

{¶10} On February 20, 2018, appellant filed a "Motion to Correct Sanctions Imposed," which the trial court overruled on March 13, 2018. Appellant now appeals from the trial court's entry of March 13, 2018.

{¶11} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶12} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CORRECT THE POST RELEASE CONTROL SANCTIONS IMPOSED THAT ARE CONTRARY TO THE SENTENCE IMPOSED IN OPEN COURT AND CONTRARY TO LAW."

**ANALYSIS**

{¶13} In his sole assignment of error, appellant argues, again, that the trial court erred in the imposition of post-release control. We disagree.

{¶14} Appellant argues that the trial court's original sentencing entry was not consistent with the sentence imposed on the record at the sentencing hearing. Specifically, appellant argues the trial court's statement on the record could be construed to mean his 3-year term of post release control was not mandatory. Appellant cites to page 795 of the transcript, revealing the trial court stated the following in pertinent part:

> * * * *. Three years post-release control, meaning that once
>
> you serve whatever time you will serve in this matter, you will be on
>
> post-release control for a period of three years. A violation of post-

release control rules will put you in a position to be sent back to prison for up to one half the time you've already done. * * * *.

{¶15} We fail to perceive any ambiguity in the trial court's statement, and we concur with appellee that the trial court's statement on the record at the sentencing hearing is consistent with the mandatory 3-year term of post-release control imposed in the sentencing entry.

{¶16} Moreover, under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus*, approving and following State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶17} It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds,* 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997). Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *Brown IV, supra,* 2016-Ohio-5893 at ¶ 41, citing *State v. Nemchik,* 9th Dist. Lorain No. 98CA007279, 2000 WL 254908 (Mar. 8, 2000).

{¶18} Again, in the instant appeal, the basis of appellant's argument is contained in the trial court record. *Brown IV*, supra, at ¶ 42. Brown has appealed the trial court's

decision and judgment entry on four prior occasions and his latest argument is barred by res judicata.

{¶19} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶20} Appellant's assignment of error is overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.